The Chief Justice
delivered the opinion of the court.
The sole question which occurs in this case, relates to the mode of surveying the entry under which the appellants, who were complainants in the circuit court, derive title to the land which is the subject of controversy. The entry is for 500 acres, and calls to lie “on the rocky ford "fork of Licking, beginning at the rocky ford, and extending up the creek on both sides for quantity.”
The ordinary mode of surveying an entry, with similar calls, would require the survey to be equilateral and rectangular with the upper and lower lines, equally bisected by the creek, and the latter binding on the rocky ford. But in this case, owing to the peculiar and extraordinary curves of the creek, that mode of surveying the entry cannot be observed, and at the same time conform to the call “extending up the creek on both sides for quanti *186 ty;” and as this is an express call, it must control the equilateral and rectangular figure, that being a form given by construction only. To comply with the call “extending up the creek on both sides,” plainly requires that neither of the lines which project from that which binds on the rocky ford, should cross the creek; and if that requisition be observed in making the survey, it is evident, from an inspection of the plat in the record, that whatever extent or direction may be given to the other lines, compatable with such requisition, the survey cannot include more or other land of that in dispute than the circuit court has decreed to the complainants.
Bibb for appellants, Talbot for appellees.
Without, therefore, deciding what should be the precise mode of making the survey in other respects, it is clear that the complainants have no just cause to complain.
The decree must be affirmed with costs.